CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 17 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER L. SIMMONS, <br> Plaintiff, | Civil Action No. 7:18-cv-00079 |
| v. | MEMORANDUM OPINION |
| MRRJ, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Christopher L. Simmons, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming as defendants the Middle River Regional Jail ("MRRJ"), Superintendent Jack Lee, and Correctional Officer Carter. This matter is before me for screening pursuant to 28 U.S.C. § 1915A.

I must dismiss the complaint because the Jail is not amenable to suit via § 1983 and because Plaintiff fails to state a claim against Lee or Carter. See West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]").

While Plaintiff is upset about Carter's alleged single sexual comment, comments that may constitute verbal abuse or harassment do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal

abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life are not an infringement of a constitutional right). Furthermore, Plaintiff cannot rely on respondeat superior to state a claim against Lee. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978).

To the extent Plaintiff may be able to state a claim and name a "person" and subject to suit via § 1983, Plaintiff is granted ten days to file a motion to amend the complaint that states a claim upon which relief may be granted against a person acting under color of state law. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion within ten days, the case will be closed without prejudice, and Plaintiff would not be prejudiced because he is allowed to file a complaint in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A); see also Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) (noting district court's discretion to manage its own dockets).

If Plaintiff instead rushes and chooses to seek an amendment in this case, he should know that the court may dismiss the amended complaint with prejudice as frivolous or for failing to state a claim upon which relief may be granted and assess a "strike." Plaintiff should understand

2

that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before filing a complaint. See, e.g., Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, at *2, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

ENTER: This 17th day of April, 2018.

Jackson L. Kiser
Senior United States District Judge